IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00550–WJM–KMT

ANTHONY SMITH,

    Plaintiff,

v.

SPRINT/UNITED MANAGEMENT COMPANY, and
LINDSAY MASON, individually,

    Defendants.

---

# ORDER

---

This matter is before the court on Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. No. 51, filed July 30, 2015).

Plaintiff moves to amend his complaint to add and delete factual allegations and to remove a claim for breach of contract. (*See* Doc. No. 50-1.) Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The Tenth Circuit has concluded that the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Plaintiff's motion is timely, as the deadline to amend pleadings was set by this court at August 3, 2015. (*See* Doc. No. 42 at 2.) Defendants oppose the motion to amend on the basis that Plaintiff has failed to show good cause for amending his complaint. In support of this contention, Defendants rely on *Miller v. Lusk*, No. 11-cv-03365-RBJ-BNB, 2013 WL 941949 (D. Colo. March 11, 2013). In *Miller*, the court denied a motion to amend that was filed as part of an untimely response to a motion to dismiss. 2013 WL 941949, at *2. That is not the case here, where Plaintiff filed a timely response to the defendants' motion to dismiss and then, separately, filed a timely motion to amend the complaint.

Defendants do not argue that there is, and the court does not find, bad faith or dilatory motive, undue prejudice, or futility. Therefore, it is

**ORDERED** that Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. No. 51) is **GRANTED**. The Clerk is directed to file Plaintiff's First Amended Title VII Complaint (Doc. No. 50). An amended complaint automatically supersedes the prior operative pleading, which is thereafter treated as nonexistent. *Cassirer v. San Miguel Cnty. Bd. of Cnty. Comm'rs*, 2009 WL 1600679, at *2 (D. Colo. 2009) (citations omitted). Accordingly, because it is now targeted at an inoperative pleading, it is

**ORDERED** that "Defendants' Partial Motion to Dismiss" (Doc. No. 17) is **DENIED** as moot. Defendants shall answer or otherwise respond to the Amended Title VII Complaint no later than September 29, 2015.

Dated this 16th day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge