**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-550-WJM-KLM

ANTHONY SMITH,

    Plaintiff,
v.

SPRINT/UNITED MANAGEMENT COMPANY, and
LINDSEY MASON,

    Defendants.
_____

**ORDER ADOPTING FEBRUARY 24, 2017 RECOMMENDATION OF
MAGISTRATE JUDGE GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**
_____

This matter is before the Court on the February 24, 2017 Recommendation of United States Magistrate Judge Kristen L. Mix ("Recommendation," ECF No. 121) that Defendants' Motion for Summary Judgment (the "Motion," ECF No. 73) be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff filed an objection to the Recommendation. ("Objection," ECF No. 124.) For the reasons set forth below, Plaintiff's Objection is overruled, the Magistrate Judge's Recommendation is adopted, Defendants' Motion is granted, and judgment is entered in favor of Defendants on all claims in this matter.

**I.  STANDARD OF REVIEW**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and

specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Here, Plaintiff filed a timely objection to Judge Mix's Recommendation. Therefore, this Court reviews the issues before it *de novo*.

Summary Judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Adamson v. Multi Cmty. Diversified Servs., Inc.,* 514 F.3d 1136, 1145 (10th Cir. 2008). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

On a motion for summary judgment, the moving party bears the burden of demonstrating that no genuine issue of material fact exists. *Adamson*, 514 F.3d at 1145. Where the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by demonstrating a lack of evidence for an essential element of the nonmovant's claim. *Id.* In contrast, a movant who bears the burden at trial must submit evidence to establish the essential elements of its claim or affirmative defense. *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002). In deciding whether the moving party has carried its burden, the Court does not weigh

the evidence, and instead views it, and draws all reasonable inferences from it, in the light most favorable to the nonmoving party. *Adamson*, 514 F.3d at 1145. Unsupported conclusory allegations, however, are not sufficient to create a genuine dispute of material fact on summary judgment. *See Mackenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). When a moving party has carried its burden under Rule 56(c), more than "some metaphysical doubt" as to the material facts must be demonstrated by the nonmovant to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Further, in considering Judge Mix's Recommendation, the Court is mindful of Plaintiff's *pro se* status, and accordingly reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003).

## II.  BACKGROUND

No parties object to the recitation of facts set forth by Judge Mix in the February 24, 2017 Recommendation. (ECF No. 121.) Accordingly, the Court adopts and incorporates Section I of the Recommendation as if set forth herein. Briefly, Plaintiff began working for Defendant Sprint in June 2008 as a technical support call center representative "whose job duties included troubleshooting Sprint cellular devices and cellular networks." (ECF No. 56 ¶ 12.) In this position, Plaintiff was required to comply with Defendant Sprint's "Accountability – Take Ownership Policy" which makes it a

"critical offense," *i.e.*, one that could lead to disciplinary action or termination, to fail to "call a customer back upon agreement during [a representative's] scheduled work time or to reassign the callback if outside of [the representative's] scheduled work time." (ECF No. 73-2.)

Defendant Lindsey Mason became Plaintiff's supervisor in March 2013. (ECF No. 73-19 ¶ 1.) Supervisors issue corrective action notices ("CANs") to call center representatives who violate the "Accountability – Take Ownership Policy." (ECF No. 73-2.) On June 5, 2013, Plaintiff received a CAN from Mason because he forgot to return a call to a customer. (ECF No. 56 ¶ 26.) On June 18, 2013, Plaintiff filed an internal complaint against Mason alleging discrimination and harassment, and a few days later he filed a Charge with the EEOC. (ECF Nos. 73-2, 17-2.) Defendant Sprint investigated the internal complaint and found no evidence of discrimination or harassment. (ECF No. 73-2.)

On July 9, 2013, Mason recommended that Plaintiff's employment be terminated based on Plaintiff's "continued disregard for Sprint policy in regards to call ownership" and callback procedure. (ECF No. 73-17.) Plaintiff was informed of his termination on July 15, 2013. (ECF Nos. 73-2, 73-3.) Based on this course of events, Plaintiff filed the instant action asserting the following claims: employment discrimination and retaliation based on race, breach of contract against Sprint, and tortious interference with contractual relations against Mason. ("Amended Complaint," ECF No. 56.)

## III. ANALYSIS

Judge Mix recommended that Defendants Motion be granted "and that judgment enter in favor of Defendants on all claims in this matter." (ECF No. 121 at 22.) Judge Mix

made several findings to reach that recommendation.

First, Judge Mix found that Plaintiff "failed to establish a prima facie case of discrimination," noting that Plaintiff "failed to identify evidence demonstrating a genuine issue of material fact regarding an inference of discrimination[.]" (*Id.* at 8, 15.) As to Plaintiff's claim for retaliation, Judge Mix found that he "failed to identify evidence demonstrating that there is a genuine issue of material fact regarding the pretext element of his retaliation claims." (*Id.* at 18.)

As to Plaintiff's breach of contract claim, Judge Mix's analysis makes clear that she thoroughly considered the terms within Sprint's "Code of Conduct," the employee handbook that Plaintiff contends is an enforceable contract, and the applicable disclaimers that were presented by Defendants. (*Id.* at 19.) Due to the "clear and conspicuous" nature of the disclaimers, Judge Mix concluded that "there is no genuine issue of material fact regarding whether an enforceable contract existed between Plaintiff and Defendant Sprint." (*Id.* at 20.) Lastly, as to Plaintiff's tortious interference claim, Judge Mix stated that a "claim for tortious interference with contractual relations requires a showing that the interfering party . . . acted wrongfully or unlawfully" and found that "there is no evidence of any wrongful or unlawful action on the part of Defendant Lindsey Mason." (*Id.* at 22.)

Plaintiff's Objection fails to address the majority of the findings or conclusions set forth in the Recommendation. Instead, Plaintiff "disagrees that summary judgment should be granted regarding his breach of contract, promissory estoppel and tortuous [*sic*] interference with contact [*sic*] claims" and he supports his position with various arguments that were not before Judge Mix. The Court will address each argument in turn.

First, Plaintiff argues that he was not aware "that his response was missing pages 42–46," and had he known this, Plaintiff would have "provided the clerk of the court the missing pages." (ECF No. 124 at 1–2.) Further, Plaintiff maintains that had Judge Mix read the missing pages she "would not have recommended that Defendant's Motion for Summary Judgment be granted in its entirety." (*Id.* at 2.)

The Court is not convinced. Plaintiff was in fact notified on the electronic docket, by the Clerk of Court on May 25, 2016, that certain pages were missing. (ECF No. 86.) This notification was mailed to Plaintiff at the address he had provided to the Clerk of Court. (*Id.*) Since May 25, 2016, Plaintiff has received and responded to mail sent to that address from the Clerk of Court. Moreover, Plaintiff does not attach the missing pages in his Objection nor does he assert why Judge Mix's analysis would have changed based on those missing pages. This Objection is overruled.

As to Plaintiff's retaliation claim, Plaintiff asserts that Defendant "Lindsey Mason intentionally waited till the investigation was closed to submit [her] termination recommendation . . . which contained numerous false allegations." (ECF No. 124 at 6.) As Judge Mix correctly noted, "Plaintiff has provided no evidence . . . suggest[ing] that Defendant Lindsey Mason held a grudge against him or had any reason to want to retaliate against him as a result of the internal complaint." (ECF No. 121 at 17.) Plaintiff's pure speculation as to Mason's intent is not evidence of pretext. Accordingly, Plaintiff's Objection to this portion of the Recommendation is overruled.

As to the breach of contract claim, Plaintiff now "avers there is a conflict between the disclaimers and the mandatory language" in Sprint's "Code of Conduct," such that an implied contract was established "despite the disclaimers." (ECF No. 124 at 11–12.)

However, as Judge Mix stated, "Plaintiff provides no argument in his Response regarding this claim." (ECF No. 121 at 18; *see generally* ECF No. 86.) Issues not raised before the Magistrate Judge are generally treated as waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Accordingly, the Court will not entertain Plaintiff's argument and his Objection to this portion of the Recommendation is overruled.

Defendants moved for summary judgment "as to all claims set forth" in Plaintiff's Amended Complaint. (ECF No. 73 at 2.) Plaintiff now points out that Judge Mix "failed to address or make any recommendation regarding Plaintiff's wrongful termination [and promissory estoppel] claims. (ECF No. 121 at 18.) Plaintiff did not articulate this in his response to Defendant's Motion, thus these claims were not presented before Judge Mix. The Court is unaware of any precedent, nor does Plaintiff point the Court to any relevant authority, that allows Plaintiff to "sandbag" the Magistrate Judge by failing to point out facts and relevant claims that were not previously presented and argued. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985) (in a similar vein, the specificity requirement "prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing").

Moreover, if Plaintiff is trying to argue that he did not need to mention these claims because Defendants did not raise them with specificity, the Court would find this argument misplaced as well because this is inconsistent with the parties' and the Court's understanding of his claims throughout this lawsuit. *See Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 790 (10th Cir. 2013); (*See also* ECF Nos. 84, 102 (construing Plaintiff's remaining claims to be for breach of contract, race discrimination and retaliation, and tortious interference with contractual relations).) Accordingly, Plaintiff's Objection to this portion of the Recommendation is overruled.

Lastly, Plaintiff objects to Judge Mix's finding regarding his claim for tortious interference with contract. (ECF No. 124 at 14.) However, as noted above, Plaintiff may not raise new argument at this stage in the proceedings. Plaintiff did not respond at all to Defendants' argument in their Motion regarding this claim and Judge Mix noted this. (ECF No. 121 ("he provides no argument in his Response in connection with this claim")). Thus, the Court finds that Plaintiff has waived this argument. *See Marshall*, 75 F.3d at 1426. Plaintiff's Objection to this portion of the Recommendation is overruled.

Accordingly, Plaintiff has failed to provide any grounds upon which his Objection can be sustained, and the Recommendation is adopted in full.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection (ECF No. 124) to the Magistrate Judge's Recommendation is OVERRULED;

2. The Magistrate Judge's Recommendation (ECF No. 121) is ADOPTED in its entirety as follows:

    a. Defendants' Motion for Summary Judgment (ECF No. 73) is GRANTED; and

    b. The Clerk shall enter judgment in favor of Defendants on all claims and shall terminate this case.

3. The parties shall bear their own costs and fees.

Dated this 27th day of March, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge