IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-0550-WJM-KLM

ANTHONY SMITH,

    Plaintiff,

v.

SPRINT/UNITED MANAGEMENT COMPANY, and
LINDSEY MASON,

    Defendants.
_____

**ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION**
_____

Plaintiff Anthony Smith ("Plaintiff") brings this action *pro se* against Defendants Sprint/United Management Company and Lindsey Mason (collectively, "Defendants") alleging employment discrimination and retaliation based on race, breach of contract against Sprint, and tortious interference with contractual relations against Mason. (ECF No. 56.) The Court previously entered judgment which dismissed Plaintiff's claims without prejudice. (ECF No. 128.) Before the Court is Plaintiff's "Rule 60(B) Motion," which asks the Court to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) on grounds of "mistake." ("Motion," ECF No. 135.) For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

Plaintiff is a former Sprint employee who was terminated in July 2013 for alleged "poor performance after receiving several oral and written warnings and corrective action notices." (ECF No. 17 at 8.) Plaintiff asserts that Defendants discriminated against him on the basis of race and gender, and that Sprint retaliated against him for filing an EEOC

charge. (ECF No. 1 ¶¶ 11, 16, 23–25.) Plaintiff further contends that Sprint's employment manuals created an employment contract, and on this basis Plaintiff asserts claims for breach of contract against Sprint and tortious interference with contract against Mason, Plaintiff's former supervisor. (*Id*. ¶¶ 49–73.)

On April 6, 2016, Defendants moved for summary judgment. (ECF No. 73.) Plaintiff filed a response on May 24, 2016 ("Response," ECF No. 86), however, his Response was missing pages 42–46. Plaintiff was notified by the Clerk of Court via U.S. Mail on May 25, 2016 that those pages were missing. (*Id*.) Since that time, Plaintiff has received and responded to mail sent to that address from the Clerk of Court.

On February 24, 2017, United States Magistrate Judge Kristen L. Mix issued an order which recommended granting Defendants' Motion for Summary Judgment, and further recommended entering judgment in favor of Defendants on all claims. ("Recommendation," ECF No. 121.) In Judge Mix's Recommendation, she noted that Plaintiff was notified that "pages 42–46 of his Response were missing from Plaintiff's submission to the Court, but Plaintiff did not provide the missing pages or otherwise amend his Response to correct this omission." (*Id*. at 1.)

Plaintiff filed an objection to Judge Mix's recommendation, in which he argued that he was not aware "that his Response was missing pages 42–46," and that had he known this, Plaintiff would have "provided the clerk of the court the missing pages." ("Objection," ECF No. 124 at 1–2.) In his Objection Plaintiff further argued that had Judge Mix read the missing pages she "would not have recommended that Defendants' [M]otion for [S]ummary [J]udgment be granted in its entirety." (*Id*. at 2.)

On March 27, 2017, the Court adopted Judge Mix's Recommendation, granted

2

Defendants' Motion for Summary Judgment, and entered judgment in favor of Defendants on all claims in this matter. ("Dismissal Order," ECF No. 127.) In the Dismissal Order, the Court noted that "Plaintiff does not attach the missing pages in his Objection nor does he assert why Judge Mix's analysis would have changed based on those missing pages." (*Id*. at 6.) On April 21, 2017, after judgment was entered (ECF No. 128), Plaintiff filed a Notice of Appeal as to the Court's Dismissal Order (ECF No. 129).

On July 21, 2017, Plaintiff filed the instant Motion asking the Court to vacate the Dismissal Order pursuant to Federal Rule of Civil Procedure 60(b)(1) on grounds of "mistake." (ECF No. 135 at 3.) As for the "mistake," Plaintiff asserts that he mistakenly filed an incomplete Response brief and that recently, on June 18, 2017, he "searched his 1995 Honda civic that has been inoperative and discovered that [] pages 42–46 had slid underneath the passenger seat of his vehicle." (*Id*. at 4.)[1] Defendants responded on August 11, 2017 (ECF No. 136), and Plaintiff replied on August 25, 2017 (ECF No. 137).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(1) permits the court to relieve a party from a final judgment, order or other proceeding on the grounds of "mistake, inadvertence, surprise, or excusable neglect." The rule "seeks to strike a delicate balance between two

---

[1] More specifically, Plaintiff asserts that he "had his [R]esponse to the Defendants' [M]otion for [S]ummary [J]udgment in a folder on his passenger seat. While driving to the library there was an accident in front of [Plaintiff]. [Plaintiff] had to slam on his breaks to avoid slamming into the back of the car in front of him, when [Plaintiff] slammed on his breaks to avoid an accident it caused his [R]esponse to Defendants' [M]otion for [S]ummary [J]udgment to spill out on the side and front of his passenger seat. [Plaintiff] got to the Arapahoe library and printed out his response to Defendants' [M]otion for [S]ummary [J]udgment, with attached copies of his exhibits together, however, [Plaintiff] did not know that pages 42–46 had slid under his passenger seat." (ECF No. 135 at 11.)

3

countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.3d 1442, 1444 (10th Cir. 1983).

A motion for relief from a judgment under Rule 60(b) is addressed to the sound discretion of the trial court. *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1475 (10th Cir. 1983) (decision whether relief should be granted under Rule 60(b) is discretionary and the ruling should not be disturbed exception for a manifest abuse of discretion). Morever, the Court is "mindful that Rule 60(b) 'relief is extraordinary and may only be granted in exceptional circumstances.'" *Beugler v. Burlington Northern & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (citing *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000)).

### III. ANALYSIS

Plaintiff cites *Cashner v. Freedom Stores, Inc.* for the "general proposition" that relief should be granted in his favor so long as he demonstrates "an excusable litigation mistake." (ECF No. 135 at 4 (citing *Cashner*, 98 F.3d 572, 576 (10th Cir. 1996)).) Plaintiff contends that he was not on notice of the missing pages and that his failure to submit those missing pages was "accidental." (*Id*. at 3.) Plaintiff further asserts that this "accidental" incomplete submission "qualifies as a mistake under Rule 60(b)(1). (*Id*. at 5.)

The Court disagrees with Plaintiff. In the Court's view, Plaintiff's fails to establish "an excusable litigation mistake." *See Cashner*, 98 F.3d at 576. The burden of proving excusable mistake rests with the party moving to have the judgment set aside. *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). The Court may consider the reason for the mistake—including whether it was within the reasonable

4

control of the movant—and whether the movant acted in good faith. See *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005). Further, the reason for the mistake is the most important factor in determining whether the mistake is excusable. *Id*. at 857. "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp.*, 893 F.2d at 1146; see also *Standard Newspapers, Inc. v. King*, 375 F.2d 115, 116 (2d Cir. 1967) (denying relief based on attorney's careless actions in misplacing papers in an office move). Likewise, a parties *pro se* status does not afford a basis for relief under Rule 60(b)(1). See *Handy v. City of Sheridan*, 2015 WL 428380, at *2 (D. Colo. Jan. 30, 2015) (citing *Andrews v. Colorado*, 2009 WL 3271177, at *2 (D. Colo. Oct. 9, 2009)).

The Court finds Plaintiff's actions careless and inexcusable, such that relief under Rule 60(b)(1) is not warranted. Plaintiff acted carelessly when he re-gathered his Response brief papers, failing to scan his car for any missing pages. Plaintiff again acted carelessly when he failed to review his Response to ensure that it was complete before submitting it to the Court. As Judge Mix noted, Plaintiff failed to amend his Response after being notified by the Clerk of Court—indicating to the Court that Plaintiff failed to thoroughly search for those missing pages after being notified. Lastly, Plaintiff again failed to conduct a thorough search after Judge Mix issued her Recommendation, and accordingly he failed to submit the missing pages with his Objection to Judge Mix's Recommendation.

The Court finds it inexcusable that Plaintiff finally and thoroughly searched for those missing pages on June 18, 2017—more than a full year after Plaintiff was first notified of their absence on May 25, 2016, and after he was subsequently reminded on

5

February 24, 2017 and March 27, 2017. (*See* ECF Nos. 86, 121, 127.) Accordingly, the Court finds the above described careless conduct entirely within the control of Plaintiff, and that such conduct does not amount to grounds for relief under Rule 60(b)(1). *See Pelican Prod. Corp.*, 893 F.2d at 1146 (carelessness by a litigant provides no basis for relief under Rule 60(b)(1)). Moreover, it being Plaintiff's obligation to prove excusable mistake, and because no proof of excusable mistake has been tendered, the Court finds that Plaintiff's obligation under Rule 60(b)(1) has not been met.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Rule 60(b) Motion (ECF No. 135) is DENIED.

Dated this 6th day of October, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge